**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4879**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

LARRY JAMES KERFOOT,

               Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Ellen L. Hollander, District Judge. (1:12-cr-00571-ELH-1)

Submitted:  May 30, 2014          Decided:  July 3, 2014

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

A.D. Martin, LAW OFFICE OF ANTHONY D. MARTIN, Greenbelt, Maryland, for Appellant.   Rod J. Rosenstein, United States Attorney, Judson T. Mihok, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry James Kerfoot pleaded guilty, pursuant to a plea agreement, to one count of production of child pornography, in violation of 18 U.S.C. § 2251(a) (2012). Kerfoot was sentenced to a within-Guidelines sentence of 336 months' imprisonment, below the statutory maximum sentence, and a life term of supervised release. Counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), indicating that there are no meritorious issues for review but raising for consideration whether Kerfoot received ineffective assistance of counsel. Kerfoot was informed of the opportunity to file a pro se supplemental brief but did not do so. The Government did not file a brief. We affirm.

Claims of ineffective assistance of counsel generally are not cognizable on direct appeal unless the record conclusively demonstrates that counsel was ineffective. United States v. Powell, 680 F.3d 350, 359 (4th Cir. 2012). Rather, to allow for adequate development of the record, a defendant generally must bring his claims in a motion under 28 U.S.C. § 2255 (2012). Id. We have reviewed the record and conclude that it does not conclusively demonstrate that counsel was ineffective. Thus, Kerfoot's ineffective assistance of counsel claim is not cognizable on direct review.

2

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Kerfoot's conviction and sentence. This court requires that counsel inform Kerfoot, in writing, of the right to petition the Supreme Court of the United States for further review. If Kerfoot requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Kerfoot.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>